[Crim. No. 1265. First Appellate District, Division One.—May 12, 1925.]

In the Matter of the Application of J. J. EISEMAN for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — INSUFFICIENCY OF BAIL — SUMMARY ARREST OF DEFENDANT—JURISDICTION—NOTICE.—Under subdivision 2 of section 1310 of the Penal Code, where, after a defendant has been released on bail pending his appeal from the judgment of conviction, it satisfactorily appears to the court that his bail is insufficient, the court may, by an order entered upon its minutes, summarily direct the arrest of the defendant and his commitment to the officer to whose custody he was committed at the time of giving bail, and it is not a prerequisite to the making of such order of arrest that the matter of the sufficiency of the bail be heard and determined at a formal hearing, after due notice to the defendant and an opportunity afforded him to produce evidence in support of the sufficiency of the bail.

[2] ID.—SUFFICIENCY OF EVIDENCE—DENIAL OF HEARING—ERROR WITHOUT PREJUDICE.—Where, after a defendant has been released on bail pending his appeal from the judgment of conviction, the trial judge receives information, by letters from officials of the counties wherein the sureties claimed to be the owners of property of sufficient value to justify their qualifying for the amounts specified in the bond, to the effect that the bail is insufficient, he is justified in summarily making an order for the arrest and recommitment of the defendant; and, although, after the making of such order, it is error to refuse to hear evidence in defendant's behalf, including the testimony of the bondsmen, relative to the sufficiency of the bail, such error is not prejudicial where the defendant is given the right to be released from custody whenever sufficient bail is given in the original sum.

(1) 6 C. J., p. 953, n. 15.   (2) 6 C. J., p. 953, n. 15.

PROCEEDINGS on Habeas Corpus to secure the release of petitioner from custody on the ground of illegal commitment after release on bail.

The facts are stated in the opinion of the court.

Edward A. Cunha, R. P. Henshall and Robt. R. Moody for Petitioner.

Matthew Brady, District Attorney, Wm. M. Murphy, Deputy District Attorney, and R. M. J. Armstrong for Respondent.

KNIGHT, J.—*Habeas corpus.* Petitioner seeks to be released from the custody of the sheriff of the city and county of San Francisco upon the ground that he was illegally recommitted after having been released on bail pending an appeal from a judgment of conviction.

The minute order upon which the recommitment is founded is in the following form: "In this matter it satisfactorily appearing to the court, that the bail of the defendant, J. J. Eiseman is insufficient. It is hereby ordered by the court that the sheriff of the City and County of San Francisco arrest the defendant and detain him in custody until legally discharged. Thereupon the bail was fixed in the sum of Fifty Thousand ($50,000) dollars."

The facts leading up to the making of said order, briefly stated, are as follows: Following petitioner's conviction on eight counts of an indictment charging violation of the Corporate Securities Act, an order was made admitting him to bail in the sum of fifty thousand dollars, pending appeal. A personal bond for that amount was approved by the trial judge, and petitioner was released from custody. Subsequently the trial judge received information from certain officials of the counties wherein the sureties claimed to be the owners of property of sufficient value to justify their qualifying for the amounts specified in said bond, to the effect that the bail was insufficient. This information was conveyed to the judge through letters written by said officials in response to inquiries made by one of petitioner's attorneys at the request of the judge. Upon receipt of those letters petitioner's attorneys were notified by the judge to appear in court with the petitioner on January 17, 1925. At the appointed time, in open court and in the presence of petitioner and his attorneys, the judge produced said letters, read the material portions thereof into the record, and pointed out that from the facts stated therein the bail was wholly insufficient, in that the sureties were not the owners of property of sufficient value to support the statements made by them in their affidavits of

qualification. After briefly commenting upon the situation, the judge, addressing counsel for petitioner, said: "Now, gentlemen, do you desire to make any explanation of that matter before I make an order?" In response, the attorney by whom the inquiries had been made stated that he met the bondsmen only once, but that if the bail was insufficient petitioner "would be willing to strengthen the bond," or "add to it," so that the same would meet the requirements of the court; said attorney then requested that the court defer making its proposed order in the premises until the following Monday, at which time, he said, counsel would present certain telegrams and other communications received by them in support of the financial ability of the bondsmen to respond in the amounts for which they had become sureties. This request was denied, the judge stating that the bail was clearly insufficient. Thereupon the arrest of petitioner was ordered, and he was recommitted to the custody of the sheriff. The court then suggested to the district attorney that the matter of the attempted qualification of the sureties under oath be investigated, and that such action be taken as the ascertained facts warranted. Before the hearing concluded, counsel for petitioner stated that said sureties, all of whom were nonresidents of the city and county of San Francisco, would be in San Francisco the following Monday, and would like to be heard; but the judge replied that no testimony would be taken, except in a proceeding before a committing magistrate or the grand jury; that he "did not want to see them." Counsel then inquired: "Well, if I am able to present bondsmen who will qualify for the amount of the bond set by your Honor, you will hear testimony?" and the judge replied, "You present the bond and then we will see about the bondsmen's qualifications." Petitioner was then taken into custody and has since been detained by the sheriff in pursuance of said order.

[1] The contention of the petitioner is that having been once duly admitted to bail, and having been released upon a bond which was accepted and approved by the court, it was thereafter beyond the jurisdiction of the court to order the petitioner recommitted unless the matter of the sufficiency of the bail was heard and determined at a formal hearing, after due notice to petitioner, and an opportunity afforded petitioner to produce evidence in support of the

sufficiency of the bail, which, in the instant case, was not done.

We are of the opinion that the court's action, under the circumstances, in making the order of arrest and recommitment upon the strength of the statements contained in said letters was justified, and finds full support in subdivision 2 of section 1310 of the Penal Code, which reads as follows: "The court . . . in which an indictment, information, or appeal is pending . . . , may, by an order entered upon its minutes direct the arrest of the defendant, and his commitment to the officer to whose custody he was committed at the time of giving bail, and his detention until legally discharged, in the following cases: . . . 2. When it *satisfactorily appears to the court* that his bail, or either of them, are dead *or insufficient,* or have removed from the state . . ." (Italics ours.)

It is apparent, we think, that the code provision just quoted does not contemplate, as a prerequisite to the making of the order of arrest, notice to the convicted person, but allows the court to act summarily in the premises "when it satisfactorily appears" that the bail is insufficient. Necessarily such must be the law, if the order of arrest and recommitment shall in all cases be made effective, because if after learning that the bail was insufficient, the court were powerless to cause the arrest of the convicted person until an order to show cause was issued and served, and an investigation was conducted in a formal manner, the convicted person might, if he were so inclined, become a fugitive and thereby render useless any order the court might make at the conclusion of such formal hearing. The very nature of the proceeding, it would seem, demands that the court act promptly in making the order of arrest.

[2] We believe, however, that after making said order for the arrest and recommitment of petitioner in the instant case the court erred in refusing to hear evidence in his behalf, including the testimony of the bondsmen, relative to the sufficiency of the bail. While, as above indicated, the information conveyed by said letters was sufficient to warrant the court in exercising its power under section 1310 in causing the arrest of petitioner, we think that following the making of such order petitioner should have been permitted to produce the testimony of the bondsmen and such additional

evidence as he deemed necessary for the purpose of disproving, if possible, the statements made in said letters. The question of the sufficiency of the bail could then have been determined in the light of all the evidence produced, and the bondsmen again accepted if it developed from said evidence that the statements set forth in said letters were not well founded. It will be noted, however, that the order made by the. court does not deprive the petitioner of the right to give bail pending appeal; and moreover the court has stated, according to the record, that when a new bond is presented it will consider the qualifications of the bondsmen, which, we assume, will include any of those bondsmen who attempted to qualify on the bond in question; therefore the error of the court in refusing to hear petitioner's evidence has not been prejudicial—petitioner may still be released from custody whenever sufficient bail is given in the sum of fifty thousand dollars.

For the reasons stated the writ is discharged and petitioner is remanded to the custody of the sheriff of the city and county of San Francisco.

Tyler, P. J., and Cashin, J., concurred.